

IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF FLORIDA ORLANDO
DIVISION

RUFUS LOVELL BROOKS,                                    CASE NO:

       Plaintiff

Vs.

Brook Consultants, Inc.

Defendant

                                      **JURY  TRIAL  DEMAND**

1

## NATURE OF THE ACTION

This is an action under The Age Discrimination in Employment Act of 1967, as amended, and Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991; to correct unlawful employment practices based on age, race and/or color, and to provide appropriate relief to Plaintiff, Rufus Lovell Brooks who was adversely affected by such practices. The Plaintiff alleges that Brook Consultants, Inc. had a pattern or practice of refusing to hire because of age.

The Plaintiff alleges that Brook Consultants, Inc. had a pattern or practice of refusing to hire non-Caucasians because of their race and/or color of their skin.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(l) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(l) and -6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Section 115 of the Civil Rights Act of 1991 (P.L. 102-166).

2. Venue is proper in United States District Court for the Middle District of Florida, Orlando Division pursuant to 28 U.S.C. § 1391, because the unlawful conduct alleged herein was committed within the boundaries of the Middle District of Florida.

3. In or around July 2018 to the present, Plaintiff completed job applications and applied for over five hundred positions with Defendant, Brook Consultants, Inc.

4. Defendant, Brook Consultants, Inc. did not offer any interviews or employment to Plaintiff.

5. Plaintiff has fulfilled all administrative prerequisites to filing this complaint.

6. Within 300 days of the last act of discrimination, Plaintiff filed a Charge of Discrimination with the State of Florida Commission on Human

2

Relations.

7. On July 7, 2023, Plaintiff was issued a "Notice of your rights to sue" from the Equal Employment Opportunity Commission (hereinafter "EEOC") in its Florida's District Office where Plaintiff is residing. A copy of Plaintiffs Notice of Right to Sue is attached hereto as Exhibit "A".

8. This complaint is filed within 90 days of receipt of the "Notice of Right to Sue" and, therefore, Plaintiffs complaint is timely.

## PARITES

9. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e (b), (g), and (h).

10. Plaintiff is an individual, and resided within the Middle District of Florida at the time of his applications for employment with Defendant (hereinafter referred to individually as, (Plaintiff).

11. At all relevant times, Brook Consultants, LLC (herein after referred to individually as, Defendant) ·has continuously been a Texas corporation doing business in the State of Florida and the City of Orlando, Florida.

12. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e (b), (g), and (h).

## HISTORICAL FACTS

13. Plaintiff, Rufus Brooks is a telecommunications construction/project manager, with a college degree and, with over thirty years of telecommunications experience.

14. From 2000 to the present, Plaintiff worked as a Project manager and, as a Construction Manager, managing construction cellular projects throughout the United States.

15. Over that time period, Plaintiff worked as a contractor for many of the major wireless carrier and their general contractor's including AT&T,

3

T-Mobile, Sprint, Ericsson and Nokia.

16. The wireless carriers and their general contractors utilized staffing agencies to supply them with contractors for construction and project manager jobs as needed.

17. The wireless carriers and their general contractors are clients of the staffing agencies and the agencies supplied contractors to as needed.

18. The contractors were hired directly by the staffing agencies and worked on their clients projects under the direction of the client's employees.

19. The jobs are well paid jobs and require a high school education at a minimum.

20. Over eighty percent of the contracting jobs are held by white males with high school education.

21. Among the staffing agencies supplying contractors for the carrier and their general contractors are Ampcus, Inc., SWI, Inc., Labyrinth International, Fusion Solution, Inc. and Brooks, Inc.

22. Many of the staffing agencies, including Brook Consultants, Inc., Fusion Solution, SWI, Inc. and Ampcus, Inc., required the contractors to sign "right to represent" agreements or e-mail confirmations, ("RTR"), which gives the agencies the exclusive rights to hire the contractors and represent them to the carriers or general contractors for jobs.

23. During this time period, Ericsson and Sprint were the only carrier and general contractor that required the staffing agencies to sign (RTR) agreements with the contractors that they hired for assignments with their companies.

24. During this time period (2018 until 2022), Brook Consultants, Inc. was a major supplier for Ericsson and supplied eighty percent of the contractors to Ericsson for job assignments.

25. During this time period (2018 until 2022), Brook Consultants, Inc. was a major supplier for Sprint and supplied sixty percent of the contractors to Sprint for job assignments.

26. The contractors are hired directly by the staffing agencies and worked under the direction of the agencies clients.

4

## ACTUAL ALLEGATIONS

27. From 2018 until the present, Plaintiff applied for jobs with Brook Consultants Inc. with project assignments with Ericsson and Sprint.

28. From 2018 until the present, Brook Consultants, Inc.'s employees, Teri-Lynne Johansson was the Account manager at Brook Consultant, Inc. and, she was responsible for hiring contractors for the Sprint and Ericsson's projects.

29. From 2018 until the present, Defendant, Brook Consultants, Inc.'s employees, Gerry Wyse was the COO of Brook Consultants, Inc. and the manager of Teri-Lynne Johansson.

30. From 2018 until the present, Defendant employee, Teri-Lynne Johansson solicited and encouraged Plaintiff to apply to over six hundred jobs with Defendant, Brook Consultant, Inc. for projects with Defendant's clients Ericsson and Sprint.

31. From 2018 until the present, Plaintiff agreed to and signed "RTR" agreements with Defendant, Brook Consultant, Inc. for five hundred jobs for projects with Defendant's clients, Ericsson and Sprint.

32. Plaintiff contends that he was qualified to perform the duties of those projects within the Defendant's client's company, including supervisory or managerial positions, but was not hired and that less qualified person of other races were placed on the projects.

33. Plaintiff alleges that he was not considered for jobs with the Defendant, although he was more qualified than other contractors, and had all the educational and experiential qualifications that were reasonably related to success on the project for which applications was made.

34. Plaintiff had worked for Ericsson on four major projects from 2010 until 2015 and, was in good standing with Ericson which was confirmed by Defendant's employee, Teri-Lynne Johansson.

35. Plaintiff was well qualified for the jobs.

36. Although the Defendant Brook Consultant, Inc. received signed "RTR" agreements from Plaintiff and agreed to hire Plaintiff for projects with Defendant's clients, Sprint and Ericsson, Plaintiff was not hired.

37. Defendants Defendant employee, Teri-Lynne Johansson lied to Plaintiff

5

and led Plaintiff to believe that they were going to hire him for those projects with Defendant's clients, Sprint and Ericsson.

38. Because Plaintiff had signed (RTR) with Defendant Brook Consultant, Inc. he was legally blocked from working for other staffing agencies and be assigned to projects with Sprint and Ericsson.

39. Upon reasonable information and belief, Plaintiff alleges that, after receiving signed "RTR" agreements from Plaintiff, Defendant, Brook Consultants, Inc. failed to hire Plaintiff for projects with its clients, Sprint and Ericsson because of Plaintiffs race.

40. Upon reasonable information and belief, Plaintiff alleges that, after receiving signed "RTR" agreements from Plaintiff, Defendant, Brook Consultants, Inc. failed to hire Plaintiff for projects with its clients, Sprint and Ericsson because of Plaintiffs race.

41. Upon reasonable information and belief, Brook Consultants, Inc.'s employees, Teri-Lynne Johansson changed Plaintiff resume for the propose of making Plaintiff appeal less qualified for jobs he had applied for with Defendant, Brook Consultants, Inc.

## COUNT I RACE BASE DISCRIMINATION

42. Comes now the Plaintiff and reallege each and every material and factual allegation of paragraphs 1 through 41 of Plaintiff's complaint as though the same were fully set forth here, and Plaintiff further avers that the action of the Defendant constituted race based discrimination against the Plaintiff in terms, conditions, and privileges of employment because of race, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

43. Defendant had a pattern or practice of refusing to hire non-Caucasians because of their race and/or color.

44. Defendant refused to hire Plaintiff for any of the more than five hundred positions he applied for with Defendant, Book Consultants, Inc. because of his race.

6

45. Plaintiff avers that the Defendant's illegal practices were intentional, willful, and wanton, and done with reckless disregard for the Plaintiff's· federally protected civil rights.

46. Plaintiff alleges that as a proximate result of the statutory violations by Defendant, he is now suffering and will continue to suffer material damages and economic losses, mental anguish and emotional distress, and other damages because of the discriminatory practices of the Defendant unless and until this Court grants relief.

## COUNT II AGE BASE DISCRIMINATION

47. Comes now the Plaintiff and realleges each and every material and factual allegation of paragraphs 1 through 41 of Plaintiff's complaint as though the same were fully set forth here, and Plaintiff further avers that the action of the Defendant constituted age based discrimination against the Plaintiff in terms, conditions, and privileges of employment because of age, in violation of Age Discrimination in Employment Act of 1967, as amended, *section 115 of the Civil Rights Act of 1991 (P.L. 102-166)*.

48. Defendant refused to hire Plaintiff for any of the more than five hundred positions he applied for with Defendant Book Consultants, Inc. because of his age.

49. Plaintiff avers that the Defendant's illegal practices were intentional, willful, and wanton, and done with reckless disregard for the Plaintiff's· federally protected civil rights.

50. Plaintiff alleges that as a proximate result of the statutory violations by

7

Defendant, he is now suffering and will continue to suffer material damages and economic losses, mental anguish and emotional distress, and other damages because of the discriminatory practices of the Defendant unless and until this Court grants relief.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A. Order Defendant, Brook Consultants, Inc. to make whole Plaintiff, Rufus Lovell Brooks by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring of Plaintiff.

B. Order Defendant, Brook Consultants, Inc. to make whole Plaintiff, Rufus Lovell Brooks by providing appropriate front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring of Plaintiff.

C. Order Defendant, Brook Consultants, Inc. to make whole Plaintiff, Rufus Lovell Brooks by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices in amounts to be determined at trial.

D. Order Defendant, Brook Consultants, Inc. to make whole Plaintiff, Rufus Lovell Brooks by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in this Complaint, including embarrassment, humiliation, and emotional pain and suffering, in amounts to be

8

determined at trial.

E.  Order Defendant, Brook Consultants, Inc.  to pay Plaintiff

Rufus Brook punitive damages for its malicious and reckless

conduct described in this Complaint in amounts to be

determined.

F.  Grant Plaintiff reasonable attorney's fees and cost; and any such other relief

that the Court deems necessary and proper.

Respectfully submitted:

Dated: September 27, 2023

Rufus Lovell Brooks, Acting pro se
14016 Myrtlewood Drive
Orlando, Florida 32832
Email brooks.rufus@yahoo.com

9